ENOCH BRADSHAW, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law:** NEW TRIAL. The grounds upon which a new trial may be granted in a criminal case are prescribed by statute and the motion therefor must be filed at the term at which the verdict is rendered, and, except for newly discovered evidence, within three days after the verdict was rendered, unless unavoidably prevented.

2. ———: ———. One B. was convicted of murder in the second degree and sentenced to imprisonment for life. More than two years after the judgment was rendered he filed a motion for a new trial in the district court where he was tried upon the ground of newly discovered evidence, and supported the motion by affidavits. The district court dismissed the proceedings. *Held,* Not erroneous.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Colby, Hazlett & Bates* and *L. C. Burr,* for plaintiff in error.

*William Leese, Attorney General,* for the state.

MAXWELL, CH. J.

In May, 1883, the plaintiff was indicted in the district court of Gage county for the murder of one Henry Voor-

heis, and was arraigned, and plead "Not guilty." On the trial of the cause the jury found him guilty of murder in the second degree, and he was sentenced to imprisonment for life. . The case was brought into this court for review, and no error found in the record. The judgment was therefore affirmed. *Bradshaw v. State,* 17 Neb., 147.

In October, 1885, certain relatives of the plaintiff filed a motion in his name for a new trial in the district court of Gage, upon the ground of newly discovered evidence, and filed a large number of affidavits made by different persons, containing statements and allegations which, if true, go far to explain the plaintiff's conduct, prove an alibi, and at least cast a doubt upon the correctness of the verdict of guilty. The district court overruled the motion, apparently on the ground that the statute did not authorize the proceeding, and the cause is again brought into this court on error. The attorney general now moves to dismiss the proceedings for want of jurisdiction. The question presented is, the authority of the district court to entertain a motion for a new trial filed after the expiration of the term at which the judgment was rendered. The subject is regulated entirely by statute.

Section 490 of the criminal code provides that, "a new trial, after a verdict of conviction, may be granted, on the application of the defendant, for any of the following reasons, affecting materially his substantial rights: .1st. Irregularity in the proceedings of the court, or the prosecuting attorney, or the witnesses for the state, or any order of the court, or abuse of discretion by which the defendant was prevented from having a fair trial. 2d. Misconduct of the jury, or the prosecuting attorney, or witnesses for the state. 3d. Accident or surprise which ordinary prudence could not have guarded against. 4th. That the verdict is not sustained by sufficient evidence, or is contrary to law. 5th. Newly discovered evidence material for the defendant, which he could not with reasonable diligence

have discovered and used at the trial.    6th.  Error of law occurring at the trial."

" Sec. 491.    The application for new trial shall be by motion upon written grounds *filed at the term the verdict is rendered,* and shall, except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, be within three days after the verdict was rendered, unless unavoidably prevented," etc.

Sec. 492 requires the causes enumerated in subdivisions 2, 3, and 5 of section 490 to be sustained by affidavits, and their truth may be controverted by affidavits.    The plaintiff's attorneys admit that these provisions do not give the plaintiff a right to file a motion for a new trial more than two years after the trial took place, but they claim relief under section 318 of the civil code, which authorizes a petition for a new trial to be filed not " more than one year after the final judgment was rendered."    If we should hold that this section was applicable to criminal cases, still the plaintiff would not be entitled to relief, as the motion or petition was filed more than two years after the final judgment was rendered.

In *Kountz v. The State,* 8 Neb., 294, it was held, that from the peculiar language of section 508 of the criminal code, that the limitation of time for taking criminal cases on error to the supreme court was the same in criminal as in civil cases.    The section was copied *verbatim* from another state, where the allowance of a petition or writ of error involved an examination of the entire record to ascertain if there was probable error in the record.    In such cases a writ of error was to be allowed *as in civil cases.* This would seem to mean in the same manner and within the same time as in civil actions.    We find no similar provisions, however, in regard to new trials.    The writer desires to add, that the rule permitting a petition for a new trial to be filed at any time within one year from the ren-

dition of the judgment in civil actions should, where there is newly discovered evidence, the effect of which is to cast doubt on the correctness of the verdict or show the defendant's innocence, be extended to criminal cases. Such a rule, in cases of conviction upon circumstantial evidence, if properly guarded and applied, would throw an additional safeguard around the innocent, and tend to the promotion of justice; but in the absence of legislation to that effect the courts are without authority in the premises, and the motion to dismiss must be sustained.

JUDGMENT ACCORDINGLY.

THE other judges concur.