# EX PARTE D. A. HOLMES.

1. **Criminal Law:** MOTION FOR NEW TRIAL. The time within which a motion for a new trial may be filed in a criminal case is fixed by statute, which is during the term of court at which the verdict is rendered, and, except for newly-discovered evidence, within three days after the verdict was returned, unless unavoidably prevented.

2. ———: ———: FILED OUT OF TIME. The filing of a motion for a new trial at a term of the district court subsequent to the term at which a defendant was tried and convicted, and six months after he had been imprisoned in the penitentiary for the purpose of serving out his sentence, would confer no authority upon such district court to set aside the verdict and judgment and grant a new trial. And in such case, where the motion was sustained and a new trial granted, the order being void, the warden of the penitentiary would have no authority to surrender the prisoner to the sheriff of the county in which such conviction was had.

Application for *habeas corpus.*

*D. A. Holmes, pro se.*

*William Leese, Attorney-General, contra.*

REESE, J.

This is an application to this court, in the exercise of its original jurisdiction, for a writ of *habeas corpus* for the purpose of releasing one Henry Paulson from the custody of the warden of the penitentiary, and causing him to be delivered into the custody of the sheriff of Cherry county.

From the petition and papers in the case, the following facts with reference to the imprisonment of Henry Paulson appear:

At the March (1886) term of the district court of Cherry county he was tried upon a charge of murder and found guilty of the crime of murder in the second degree. No

motion for a new trial was made, and he was sentenced to hard labor in the penitentiary for the term of fifteen years. Court adjourned *sine die* soon after pronouncing sentence, and within two or three days thereafter Paulson was conveyed to the penitentiary and placed in the custody of the warden, as a convict, in execution of the sentence. On the 11th day of October, 1886, at the next succeeding term of court, a motion for a new trial was filed, and on the second day of December, of the same year, the motion was sustained, the verdict and judgment set aside, a new trial ordered, and the warden of the penitentiary directed to deliver the prisoner to the proper authorities of Cherry county, in order that he might be there held for a second trial. The warden not feeling satisfied of the authority of the district court to grant a new trial, upon a motion filed so long after judgment and sentence, upon the advice of the attorney-general declined to surrender the custody of the prisoner, and this action being brought, seeks the direction of this court as to his duty.

The only question presented is as to the jurisdiction or authority of the district court to set aside the verdict and judgment and grant a new trial upon motion filed after the adjournment of the court. In the case at bar the time which elapsed between judgment and sentence and the filing of the motion was about six months, and until action on the motion about nine months. The motion appears to have been filed at the next succeeding term of court after judgment, by leave of court, and by the consent of the district attorney. If there was jurisdiction to hear the motion and make a legal order granting a new trial, it is the duty of the warden to surrender the prisoner. If there was no such authority or jurisdiction, the order was simply void, and the prisoner must remain in the penitentiary as a convict, so far as this proceeding may be concerned, no matter how just the order may have been, nor how much the present appearances of the case may indicate an unjust conviction.

District courts have no inherent or common law power to grant new trials in criminal cases. Their power originates and exists alone in the statutes.

Looking then to the statute as the sole authority for the granting of new trials, we find the following provisions:

" A new trial after a verdict of conviction may. be granted on the application of the defendant, for any of the following reasons affecting materially his substantial rights: *First.* .Irregularity in the proceedings of the court or the prosecuting attorney, or the witnesses for the state, or any order of the court, or abuse of discretion by which the defendant was prevented from having a fair trial. *Second.* Misconduct of the jury or the prosecuting attorney, or of the witnesses for the state. *Third.* Accident or surprise which ordinary prudence could not have guarded against. *Fourth.* That the verdict is not sustained by sufficient evidence, or is contrary to law. *Fifth.* Newly discovered evidence, material for the defendant, which he could not with reasonable diligence have discovered and produced on the trial. *Sixth.* Error of law occurring on the trial." . Sec. 490, Cr. Code.

" The application for a new trial shall be by motion, upon written grounds, filed at the term the verdict is rendered, and shall, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, be 'within three days after the verdict was rendered, unless unavoidably prevented. In assigning the grounds of such motion it shall be sufficient to assign the same in the language of the statute, and without further or other particularity." Sec. 491, Id.

" The causes enumerated in subdivisions two, three, and five of section 490, must be sustained by affidavits showing their truth, and may be controverted by affidavits." Sec. 492, Id.

It has been the 'holding of this court, in construing

section 491, that the motion for a new trial must be made during the term at which the verdict was rendered, and, except for newly discovered evidence, within three days after the verdict was rendered, unless unavoidably prevented. *Bradshaw v. The State*, 19 Neb., 644. Our attention has again been called to section 491, with the request that we re-examine it. It is contended that a proper construction would be that a motion for a new trial may be filed not only after the expiration of the three days, but that it may be filed after the term where "unavoidably prevented." As we read the section, it is that the application for a new trial, if made at all, *must* be made during the term at which the verdict was rendered, and must, except for the one cause of newly discovered evidence, be made within three days. In the latter case, "if unavoidably prevented," it may be made after the expiration of the three days, but not beyond the term. This, to the mind of the writer, is clearly the meaning of the section. If we are correct in this, it must follow that upon the final adjournment of the term the right to make applications for new trial ceases and the court can have no jurisdiction to entertain them. And in the case at bar the jurisdiction of the district court to make orders affecting the judgment having ceased, the order granting a new trial after execution of the sentence has been commenced must be held to be void. *State v. Hughes*, 35 Kan., 632. *Com. v. Weymouth*, 2 Allen (Mass.), 144. *State v. Daugherty*, 30 N. W. Rep. (Iowa), 685.

Another reason why this writ must be denied is found in the fact that no provision is made by law for the surrender of a convict for a new trial upon any order of a district court. Section 510 of the criminal code provides for the suspension of sentence by the court allowing the writ of error.

Section 512 provides that "When the defendant has been committed to the penitentiary of this state, and the

judgment by virtue of which the commitment is made shall be reversed on a writ of error, by which reversal the defendant shall be entitled to his discharge or to a new trial, the clerk of the court reversing said judgment shall, under the seal of the court, forthwith certify the same to the warden of the penitentiary."

Section 514 is as follows: "In case a new trial be ordered, the warden of the penitentiary shall forthwith cause said defendant to be taken and conducted to the county jail and committed to the custody of the keeper thereof in the county in which said defendant was convicted."

Our attention has been called to no other sections providing for the removal of a defendant from the penitentiary, when serving out a sentence, to the county jail for the purpose of a new trial. The warden was, therefore, justified in declining to surrender Paulson to the sheriff of Cherry county, or to any other person for that purpose, except upon the certificate of the clerk of the appellate court.

It may be that injustice has been done to the prisoner and that the order of the district court seemed to be demanded by the highest considerations of justice and right, yet in the absence of any authority to make such an order one could not be made. As said in *Bradshaw v. The State, supra,* the rule permitting a motion for a new trial to be filed at any time within one year from the rendition of the judgment should be extended to criminal cases where serious doubts are thrown upon the correctness of the verdict. But such is not the law and the courts are without authority to act, except as provided by law.

The writ is therefore denied.

WRIT DENIED.

THE other judges concur.