HENRY PAULSON, PLAINTIFF, V. THE STATE OF NE-
BRASKA, DEFENDANT.

1.  **Jurisdiction of Supreme Court.** The supreme court has
    no jurisdiction as a court of equity, in an action instituted
    originally before it, to vacate a judgment and grant a new trial
    in a criminal prosecution.

2.  ———. Such jurisdiction is not conferred by section 2 of article
    6 of the constitution, which gives the supreme court original
    jurisdiction in "civil cases in which the state shall be a
    party," said clauses referring only to civil actions, distinguished
    from criminal causes.

ORIGINAL action in equity.

*D. A. Holmes,* for plaintiff, cited : Wells on Jurisdic-
tion, Sec. 73.  Const., Sec. 2, Art. VI.  *Biggs v. Blue,* 5
McLean, 148.  *Holmes v. Campbell,* 12 Minn., 221.
*State v. Ledford,* 6 Ired., 5.  *Mayor v. Pilkington,* 2 Atk.,
302.  3 Blackstone Com., 392.  *Bateman v. Willoe,* 1
Sch. and Lef., 201.  20 Cal., 114.  *Owens v. Ranstead,*
22 Ill., 168.

*William Leese, Attorney General,* for defendant, cited :
*Attorney General v. Ins. Co.,* 2 Johns. Ch., 371.  Storey
Equity Jur., Sec. 893.  *West v. Mayor,* 10 Paige Ch.,
539.  *Schœppe v. Com.,* 65 Penn. State, 51.  *Bradshaw v.
State,* 19 Neb., 644.

REESE, CH. J.

This is a petition filed in this court wherein it is alleged
that, at the March term, 1886, of the district court of
Cherry county, the plaintiff was convicted of the crime
of murder in the second degree, and sentenced to impris-
onment in the penitentiary for the period of fifteen years,
said judgment having been rendered in a criminal action

then pending, wherein the state of Nebraska was plaintiff and this plaintiff was defendant, and wherein the plaintiff was under indictment for the murder of one Henry Stevens, on the night of the 31st of January, 1886; that immediately upon the conviction of plaintiff he was sentenced as aforesaid, and on the following day was taken to the penitentiary, where he has ever since been and is now confined, at hard labor, in execution of said sentence.

It is alleged that, at the time of said trial and conviction, and for some time thereafter, he was laboring under a disability, to-wit, an aberration of mind, the result of sickness, by reason whereof he had no opportunity of making any defense, and no understanding of his own and conception of the offense with which he was charged; that immediately upon being restored to the possession of his mental faculties he caused an application to be made to the said district court for a new trial, which application was granted, and plaintiff ordered to be returned to the sheriff of Cherry county for further trial, but upon said order being brought to the attention of the warden of the penitentiary, the warden refused to comply with it, and at the January term, 1887, of the supreme court, in an application for a writ of habeas corpus, it was decided that said order of the district court granting a new trial was without jurisdiction and void.

It is alleged that he is entirely innocent of the offense with which he was charged and convicted; that the evidence introduced upon the trial was wholly circumstantial, and insufficient to justify the verdict of the jury, and that the only circumstance proven which tended to cast suspicion upon plaintiff as the person who caused the death of said Henry Stevens was, that plaintiff left his home on the night of January 31, 1886, and went in a southern direction, where he was arrested four days later, about 80 miles from his residence, and that he left his stock with no one to care for them; that he so left his

home while laboring under an aberration of mind, the result of sickness, but before leaving stated to the deceased that he thought of going away, and requested him, deceased, to care for his stock during his absence; which fact deceased, shortly prior to his death, made known to his wife, but who did not divulge the same upon the trial; since which time, however, she has made it known. Also, that a short time before the death of Henry Stevens he stated to his wife that plaintiff was quite sick at his home, where Stevens had been during the afternoon, and that they ought to visit him in his sickness, and not allow him to die there alone; which fact was unknown to plaintiff or his attorneys at the time of his trial, but which has been divulged by the wife of Stevens since the conviction; that upon the trial plaintiff was not called as a witness in his own behalf, and did not and could not advise his attorneys of facts necessary to his defense, owing to his then mental derangement; that at the close of the trial he was not aware that he had been convicted of an offense, and that an application for a new trial, if made at all, must be made before the adjournment of the court; that he is now in the possession of his mental faculties, and should a new trial be awarded, he is in condition to defend himself against the charges made in the indictment, and establish his innocence. Wherefore he prays that the judgment of the district court may be set aside, and that he be restored to all the rights and privileges possessed by him prior to the empaneling of the jury to try said cause.

To this petition the attorney general has presented a general demurrer.

The principal, and perhaps the only question involved, is one of jurisdiction.

It is contended by plaintiff, and is doubtless true, under the present condition of our law, that he has no legal remedy; that no court of law in this state has any author-

ity to grant him a new trial, that authority having ceased upon the adjournment of the term of the trial court at which he was convicted. *Ex parte Holmes*, 21 Neb., 324. This being true, it is contended by counsel that the trial in the district court, and the judgment of conviction rendered upon a verdict therein, are void, for the reason that plaintiff was insane during the whole time of such trial, and at the pronouncing of sentence. That there is no wrong of the kind without a remedy in the courts. It is contended that since no other court has or can have jurisdiction, that such jurisdiction is conferred upon this court by section 2 of article 6 of the constitution of the state, which provides that, " The supreme court shall consist of three judges, a majority of whom shall be necessary to form a quorum, or pronounce a decision. It shall have original jurisdiction in cases relating to the revenue, civil cases in which the state shall be a party, mandamus, quo warranto, habeas corpus, and such appellate jurisdiction as may be provided by law."

Section 13 of chapter 19 of the Compiled Statutes of 1887, is also cited as conferring the jurisdiction insisted upon. This section is as follows :

" The supreme court shall have original jurisdiction in cases relating to the revenue, civil cases in which the state shall be a party, mandamus, quo warranto, and habeas corpus, and shall have appellate and final jurisdiction of all matters of appeal and proceedings in error, which may be taken from the judgments or decrees of the district courts, in all matters of law, fact, or equity, where the rules of law or the principles of equity appear from the files, exhibits, or records of said court to have been erroneously determined."

It will be observed that, by the sections quoted, the supreme court has original jurisdiction in civil cases in which the state shall be a party. By this, plaintiff insists the equity jurisdiction of the supreme court is extended

to the granting of new trials in criminal cases, where no other court has jurisdiction so to do, and where no other remedy is given in the due course of law. However much we might desire to grant a new trial to plaintiff, we are unable to see that the provision of the constitution under consideration gives the jurisdiction or authority contended for. The doctrine that courts of equity cannot grant relief against judgments, in criminal cases, has long been established and cannot be questioned. *Attorney General v. Ins. Co.*, 2 Johns. Ch., 371. *Attorney General v. Cleaver*, 18 Ves., 211. *Mayor v. Pilkington*, 2 Atk., 302. Story's Eq. Jurisprudence, 893.

The section must, therefore, be construed in the light of that principle, and held to apply only to what are usually denominated civil actions; that is, actions distinguished in all respects from criminal prosecutions, and has no reference whatever to the enforcement of the criminal laws of the state.

Plaintiff's petition must, therefore, be dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.