MELVIN G. HUBBARD V. STATE OF NEBRASKA.

FILED JUNE 9, 1904. No. 13,624.

1. **New Trial: CRIMINAL CASE: EQUITY.** A court of equity will not interfere for the purpose of granting a new trial in a criminal case on the ground of newly discovered evidence.

2. ———. The district court possesses no inherent or common law power to grant new trials in criminal cases, on the ground of newly discovered evidence, at a subsequent term to that at which a verdict of guilty was found.

3. ———. The authority and jurisdiction of the district courts to grant new trials in criminal cases are derived from the statute, to which resort must be had in determining the extent of their powers regarding the subject.

4. ———. The provisions of sections 490-492 of the criminal code, regarding the granting of new trials in criminal cases on the ground of newly discovered evidence, are the exclusive source of power of the district court to grant such new trials.

5. ———. The provisions of section 318 of the code, authorizing the granting of new trials in civil actions at a subsequent term to that at which the judgment was rendered, on the ground of newly discovered evidence, are not applicable to the granting of new trials in criminal cases.

ERROR to the district court for Knox county: JOHN F. BOYD, JUDGE. *Affirmed.*

*J. H. Broady* and *W. L. Henderson,* for plaintiff in error.

*W. D. Funk* and *Frank N. Prout, Attorney General,* contra.

HOLCOMB, C. J.

The plaintiff, in the district court for Knox county, was duly prosecuted and convicted of the crime of rape upon a female under the age of consent and sentenced to imprisonment in the penitentiary for a period of 7 years. From the judgment of conviction error proceedings were prosecuted in this court, resulting in an affirmance of the judgment rendered in the trial court. *Hubbard v. State,* 65 Neb. 805.

In the same court, and at a subsequent term to that at which the conviction was had, the plaintiff commenced proceedings, by the filing of a petition and the issuance of summons, the object and purpose being to secure a new

trial on the ground of newly discovered evidence. In the main, the newly discovered evidence consisted of statements and declarations under oath since made by the prosecutrix and her father to the effect that the former was, at the time of the alleged offense, over the age of fifteen years, both having testified on the trial that she was under that age. There was also some new evidence offered tending to show that the prosecutrix was, previously to the time of the act charged, of unchaste character, which fact, in connection with the evidence as to her being over fifteen years of age, would, under the statute, if proven, establish a perfect defense to the crime of which the plaintiff was convicted. We refer to the character of the newly discovered evidence on which a new trial is sought only in a general way. Without determining its sufficiency, had the application for a new trial been seasonably presented, we shall for the present purposes assume its sufficiency, and address ourselves to a consideration and discussion of the authority and jurisdiction of the district court to grant a new trial under the application as made and at the time presented.

The criminal code, sections 490, 491, 492, contains provisions complete in all respects, authorizing and regulating new trials in criminal cases. Under these provisions, however, the application for a new trial on the ground of newly discovered evidence is required to be made at the same term at which the verdict of guilty is rendered, and on all other grounds upon which new trials may be granted at the same term and within three days of the rendition of the verdict, unless unavoidably prevented. *Ex parte Holmes*, 21 Neb. 324; *Davis v. State*, 31 Neb. 240. In the latter case, it is said:

"The provisions of the statute, limiting the time within which a motion for a new trial in a criminal case must be made, are mandatory. The court has no power to extend the time for filing such a motion beyond three days except for newly discovered evidence, unless the party 'was unavoidably prevented' from making the application in

time. If the court could grant an extension for one day, it could extend the period for one month or six months. * * * It has been held that under section 491 of the criminal code a motion for a new trial, to avail the party filing it, must be made at the term of court at which the verdict is rendered, and, except for newly discovered evidence, within three days after the verdict was rendered unless unavoidably prevented." Citing *Bradshaw v. State*, 19 Neb. 644, and *Ex parte Holmes*, 21 Neb. 324.

Are the above mentioned sections of the criminal code exclusive? Counsel for plaintiff say they are not and that resort may be had to other sources of power for the authority which it is asked shall be exercised in the case at bar. Counsel say: "We shall contend that a court of general jurisdiction has inherent power to administer justice in such a case, and if need be, will apply section 318 of the code to such a case." We do not understand counsel as arguing that the general equity jurisdiction of the district courts can be invoked for the purpose of obtaining a new trial in a criminal case, nor is it believed that respectable authority can be cited in support of the proposition. The plaintiff seeks only a new trial. Not because he is, beyond peradventure of doubt, innocent and the victim of a miscarriage of justice, but on the ground that the new evidence which he has discovered raises a reasonable probability that a second trial may result in a verdict different from the first; that, with the additional evidence, a jury might entertain a reasonable doubt of his guilt of the crime charged, and therefore acquit. But a court of equity cannot try issues arising in the prosecution of a criminal indictment and the judgment therein would be unenforcible. "Equity can neither prevent the commission of crimes, interfere with their prosecution, nor pardon a punishment." Eaton, Equity Jurisprudence, 28. In *Paulson v. State*, 25 Neb. 344, the rule is stated to be: "The doctrine that courts of equity cannot grant relief against judgments, in criminal cases, has long been established and cannot be questioned." Citing *Attorney Gen-*

8

*eral v. Utica Ins. Co.,* 2 Johns. Ch. (N. Y.) *371; *Attorney General v. Cleaver,* 18 Ves., Jr. (Eng.) 211; *Mayor v. Pilkington,* 2 Atk. (Eng.) 302; 2 Story, Equity Jurisprudence (13th ed.), 893. It is not to be doubted that the rule as thus stated is the correct one, and it applies with the same force to the case at bar that it does to the case cited and in which enunciated.

We find no authority for saying the district court possesses the inherent or common law power to grant a new trial in a criminal case outside of statutory authority as justice may demand. The authorities point rather to the contrary. In *Dodge v. People,* 4 Neb. 220, it is declared in the head notes: "At common law courts had no power to grant new trials in cases of felony, and it was held that they had no power to revise or correct their judgments in such cases."

In the opinion it is said by Justice MAXWELL:

"At common law, the finding of the jury of the guilt of the accused, was conclusive of that fact, and the court possessed no power to set the verdict aside and grant a new trial on the merits, on the motion of the accused, even where the verdict was clearly against the weight of the evidence." Citing Hilliard, New Trials (2d ed.), 114; *Queen v. Bertrand,* 1 L. R. P. C. 520; *King v. Fowler & Sexton,* 4 Barn. & Ald. (Eng.) *273. And continues the author: "Therefore the utmost caution was required in capital trials, in favor of life, and if an irregularity materially affecting the trial occurred to the injury of the accused, the court usually represented such matter to the crown and a pardon was granted." Citing *Commonwealth v. Green,* 17 Mass. 417.

The authority of the district courts to grant new trials in criminal cases, and especially after the term at which a conviction is had, must, we think, if existent, be found in the statute, and, if not there, the remedy is an appeal to the executive, who is clothed with the pardoning power. As a reason for differentiating regarding relief against judgments in civil and in criminal cases, it may be observed

that the judgment in the civil case, when rendered, becomes fixed and a finality, except as the courts possess jurisdiction at law or in equity to grant relief against it in a proper case, while the judgment in a criminal case, in so far as its effectiveness is concerned, is always open to modification or annulment by an appropriate appeal to the pardoning power, against the exercise of which time does not run.

Do the provisions of section 318 of the code authorize the district court to grant a new trial in a criminal case, on the ground of newly discovered evidence, on an application made at a subsequent term, but within one year from the time of the rendition of the verdict?  We are of the opinion that the answer must be in the negative, for two reasons.  The provisions of the criminal code relating to the granting of new trials in such cases, being full and complete and covering every branch of the subject, must, we think, be taken as expressive of the legislative will of an exclusive method of procedure, and as empowering the courts to act only when the application is brought within the terms of that statute.  Again, the provisions of the code, as indicated by its title, refer only to new trials in civil actions.  They do not purport to bring within their scope and purview the granting of new trials in criminal cases, nor do they, as we read them, clothe the district court with additional power respecting its authority in criminal trials.  Can it be said that the legislature intended that section 318 of the code should operate as an enlargement of the authority to grant new trials in prosecutions for crime, as conferred by the criminal code?  To so hold is to ignore well recognized canons of construction. Each act relates to a particular subject, and as to such subject, is a special statute, complete in all respects.  The criminal code limits the time for presenting an application for a new trial on the ground of newly discovered evidence to the term of court at which the conviction was had.  The code in civil actions permits such application at a subsequent term, but only within one year after the

final judgment was rendered. The jurisdiction conferred by both acts is of the same kind and character, differing only in degree. The limitations differ, otherwise the power granted is identical in both statutes. It is a well settled rule of construction that special provisions in a law relating to a particular subject matter will prevail over general provisions in other statutes so far as there is a conflict. *State v. Cornell*, 53 Neb. 556; *State v. Cornell*, 54 Neb. 72. Even if the provisions of the code relating to the subject of new trials be regarded as of general application, which obviously they should not be, yet nevertheless, the special provisions of the criminal code would, under the rule above mentioned, control, and to that statute we must look for the authority and jurisdiction to try and determine the application of the plaintiff in the case at bar. The prior decisions of this court have, we think, practically disposed of the question now under consideration. These decisions, as we read and understand them, logically determine two points: *i. e.*, the statutes must be resorted to as the source of power for the granting of new trials in criminal cases, and the provisions of sections 490-492 of the criminal code are the source of such power and must be looked to exclusively for the authority to grant relief such as is sought to be obtained in the present proceedings. In *Davis v. State, supra,* it is held unequivocally that the application for a new trial must be made at the term of court at which the verdict was rendered, in accordance with the provisions of the sections of the criminal code mentioned above. It is held in *Bradshaw v. State*, 19 Neb. 644:

"The grounds upon which a new trial may be granted in a criminal case are prescribed by statute, and the motion therefor must be filed at the term at which the verdict is rendered, and, except for newly discovered evidence, within three days after the verdict was rendered, unless unavoidably prevented."

MAXWELL, C. J., the author of the opinion, after speaking briefly of the limitation of time for taking criminal

cases on error to the supreme court, being the same and controlled in a measure by section 318 of the code, says:

"We find no similar provisions, however, in regard to new trials. The writer desires to add that the rule permitting a petition for a new trial to be filed at any time within one year from the rendition of the judgment in civil actions should, where there is newly discovered evidence, the effect of which is to cast doubt on the correctness of the verdict or show the defendant's innocence, be extended to criminal cases. Such a rule, in cases of conviction upon circumstantial evidence, if properly guarded and applied, would throw an additional safeguard around the innocent, and tend to the promotion of justice; but in the absence of legislation to that effect the courts are without authority in the premises, and the motion to dismiss must be sustained."

The rule was reannounced in *Ex parte Holmes*, 21 Neb. 324. After discussing the scope and effect of the provisions respecting the granting of new trials in criminal cases, and reaching the same conclusion as in *Bradshaw v. State*, *supra*, the writer of the opinion of the court observes:

"If we are correct in this, it must follow that upon the final adjournment of the term the right to make applications for new trial cases and the court can have no jurisdiction to entertain them. And in the case at bar the jurisdiction of the district court to make orders affecting the judgment having ceased, the order granting a new trial after execution of the sentence has been commenced must be held to be void." And in closing the opinion it is said: "It may be that injustice has been done to the prisoner and that the order of the district court seemed to be demanded by the highest considerations of justice and right, yet, in the absence of any authority to make such an order, one could not be made. As said in *Bradshaw v. State*, *supra*, the rule permitting the motion for a new trial to be filed at any time within one year from the rendition of the judgment should be extended to criminal cases where serious doubts are thrown upon the correctness of

the verdict.   But such is not the law and the courts are without authority to act, except as provided by law."

In none of the prior utterances of this court, do we find warrant for adopting the construction contended for by counsel for plaintiff in error as to the applicability of section 318 of the code to the granting of new trials in criminal cases, but, on the contrary, all seem to logically force us to the conclusion that the section appealed to has no application to proceedings of the character under consideration.   We have been cited to no authority warranting the construction contended for, nor is it believed that any such can be found.   In Colorado the supreme court has been called upon to pass upon the question here being considered, and it is there held that the provisions of the code authorizing the vacation of judgments after the term at which rendered, and within five months, which is the limitation as to time in that jurisdiction, is confined to civil actions and has no application to criminal cases. *Klink v. People,* 16 Colo. 467.   In Washington, under a statute containing provisions for granting new trials in civil actions almost identical with ours, it is held by the supreme court of that state that such provisions respecting new trials are not applicable to criminal cases. *Thompson v. Washington Territory,* 1 Wash. Ter. 547.

The reasons for the rule and the principles underlying these decisions are the same in all the cases cited, whether in this or other jurisdictions, and lead irresistibly to the conclusion that the district court was without power and authority to grant to the plaintiff in error a new trial as prayed for; and its judgment denying and dismissing the application should be, and accordingly is,

AFFIRMED.