REVERSED.

---

HERMAN ANTON EVERS V. STATE OF NEBRASKA.

FILED OCTOBER 22, 1910. No. 16,607.

Criminal Law: NEW TRIAL. The district court has no jurisdiction to grant a new trial, in a criminal case, upon application by petition filed after the term of the trial.

ERROR to the district court for Dixon county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Wilbur F. Bryant* and *R. J. Millard,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

SEDGWICK, J.

The plaintiff was convicted in the district court for Dixon county of the crime of assault with intent to commit rape. The judgment of conviction was reviewed in this court and no error found therein, except that the court failed to inform the defendant in that prosecution of the verdict of the jury before sentence was pronounced. The cause was remanded to the district court for sentence, 84 Neb. 708. Before the defendant was resentenced, and again immediately afterwards, both being within one year from the trial in the district court, the defendant, who is plaintiff here, filed petitions for a new trial on the ground of newly discovered evidence. Upon motion of the prosecuting attorney the court dismissed these petitions, and the plaintiff has appealed.

As shown by the petitions and exhibits thereto, the new evidence consisted in testimony that the defendant was insane at the time of his trial and conviction, and that

49

his counsel were not then aware of the fact. It is insisted that section 318 of the code is applicable in this case, and that under that section the district court should have heard the petition for a new trial. No other authorities are cited, and the argument is based entirely upon the supposition that the legislature would not authorize a petition for a new trial in a civil suit and at the same time not allow a man convicted of murder or other serious crime the same remedy. Two of the cases in this court, in which the proposition contended for has been decided against the petitioner, are referred to in the brief, and it is said that the decisions in both of those cases rest upon dicta. In *Bradshaw v. State,* 19 Neb. 644, it was expressly decided that the district court has no jurisdiction to entertain a petition for a new trial in a criminal case after the term at which the trial was had. It was also decided that the district court had no jurisdiction in that case because the petition for a new trial was not filed until more than two years after the trial was had. Either ground would have been sufficient for the decision of the case. In *Hubbard v. State,* 72 Neb. 62, the question to be decided is stated in these words: "Do the provisions of section 318 of the code authorize the district court to grant a new trial in a criminal case, on the ground of newly discovered evidence, on an application made at a subsequent term, but within one year from the time of the rendition of the verdict?" But it is said in the brief that the record in that case will show that the petition for a new trial was not filed within one year, and therefore the whole opinion was dictum only. In the former case the then Chief Justice, MAXWELL, took occasion to say: "The writer desires to add that the rule permitting a petition for a new trial to be filed at any time within one year from the rendition of the judgment in civil actions should, where there is newly discovered evidence, the effect of which is to cast doubt on the correctness of the verdict or show the defendant's innocence, be extended to criminal cases. Such a rule, in cases of conviction upon circum-

stantial evidence, if properly guarded and applied, would throw an additional safeguard around the innocent, and tend to the promotion of justice; but in the absence of legislation to that effect the courts are without authority in the premises." This expression of Justice MAXWELL was copied at large in the opinion of the later case, as well as in the opinions in other cases in this court, and yet, although that language was published nearly 25 years ago, the legislature has taken no such action. Judge HOLCOMB, in *Hubbard v. State, supra,* re-examines the whole question at length, citing and quoting from the *Bradshaw* case and other like decisions of this court. He says in the opinion: "The remedy is an appeal to the executive, who is clothed with the pardoning power." Judge MAXWELL was not satisfied with this remedy and thought that there should be further legislation. It is, of course, not intended by the constitution that the pardoning power should review and correct the decisions of the courts. The fact of the defendant's guilt or innocence of the crime with which he is charged should be finally settled by the courts, where the evidence can be received and weighed under the well-established rules of law, and where it is supposed that the truth can be ascertained with as much certainty as human imperfection will admit. Circumstances developed after the trial may call for the exercise of pardoning power. Certainty of the conviction of the guilty, and that the full measure of punishment which the law justly inflicts will follow, are both necessary for the prevention of crime. It is the duty of the courts, with the assistance of the jury, to ascertain the facts of a case with the greatest care, and to enter the judgment thereon which the law requires. But the rule has long been established that the jurisdiction of the trial courts to grant new trials in such cases does not exist in the absence of legislation. This has been many times declared by this court to be the law.

The judgment therefore of the district court is right, and is

AFFIRMED.