Richards, J.
The action is an original one in mandamus commenced for the purpose of procuring a writ commanding the defendant, as clerk of the common pleas court of Cuyahoga -county, to issue commitment papers against certain persons convicted of robbery in the common pleas court of said county. No evidence has been offered, and the *306 right of the plaintiff to a writ, if that right exists, arises on the face of the pleadings.
The petition avers in substance that on December 3, 1918, Joseph Kernegis and Edward Vitkiwicz were indicted by the grand jury of Cuyahoga county, charged with the crime of robbery, that they were duly tried on January 8 and 9, 1919, and convicted by the jury and were thereupon duly sentenced to indeterminate terms in the Ohio state penitentiáry. The petition avers that at the January term of said court a motion for a new trial was duly filed by the defendants on the ground of newly-discovered evidence, and for other reasons, and that on January 13th of said term the motion was overruled by the court. The petition further alleges that said defendants prosecuted error to the court of appeals of Cuyahoga county, where the case was duly heard, the judgment of the court of common pleas affirmed, and the sentence of said court ordered to be executed; that a mandate was duly filed in the office of the clerk of courts; and that this relator demanded that the clerk of said court issue capiases for the arrest of said Joseph Kernegis and Edward Vitkiwicz and commitment papers to' carry out the sentence and judgment of the courts, but that the respondent.Haserodt, as clerk of the court of common pleas, refused and still refuses to issue the papers. . •
All the foregoing averments contained in the petition are admitted by the .respondent in an answer filed by him, and the respondent further answering alleges that subsequent to the January term, 1919, of the court of common pleas, to-wit, in the July term of said court, counsel for Joseph Kernegis and *307 Edward V-itkiwicz filed a motion for a new trial on the ground of newly-discovered evidence, and that on the same day, to-wit, July 1, 1919, said motion for new trial was duly granted -by the common pleas court.
On the record the relator demands a writ of mandamus against the clerk of the court of common pleas for his failure and refusal to issue the commitment papers, to carry out the sentence of the court, affirmed by .the court of appeals.
By the provision of Section 13746, General Code, the application for a new trial in a criminal case must be by motion, upon written grounds filed at the term the verdict is rendered, and, except for the cause of newly-discovered evidence, material for the person applying, which-he could.not with reasonable diligence have discovered and produced at the trial, shall be filed within three days after the verdict was rendered, unless unavoidably prevented. The plain import of the language of this section requires that the motion must be filed at the term the verdict is rendered, and must also be filed within three days unless based on the ground of newly-discovered evidence. It appears from the averments of the answer in the case at bar that the motion for new trial on which the court acted against the state, was filed at the July term, 1919, while the cause had been tried and a verdict returned, and judgment and sentence had, at the January term of that year, and affirmed by the court of appeals. The motion for a new trial was not, therefore, within the time required by statute, and did not vest any power in the common pleas court to grant the same. It was specifically so held in the *308 case of Lisberger v. State, 10 C. C., N. S., 66, decided by the circuit court of Lucas county. The decision in that case was followed, October 30, 1919, by the court of appeals of Wood county, in the_ case of Allen v. State, 19 Court of Appeals Opinions, Sixth District, page 340, unreported. Allen v. State, supra, was a case in which a motion for new trial had been promptly filed, one of the grounds being newly-discovered evidence, and that motion was overruled and the defendant sentenced. The judgment was affirmed by the court of appeals and a motion for leave to file petition in error overruled by the supreme court. Immediately after the decision of the supreme court, upon the case being remanded for execution, a new motion for new trial was filed, being at a subsequent term, and the ground being for newly-discovered evidence.
We have no difficulty in reaching the conclusion that the -.trial judge was without jurisdiction to grant the motion which was filed July 1, 1919, for a new trial.
Even with this conclusion, it does not follow that the relator is entitled to a writ of mandamus against the clerk of the court of common pleas for declining to issue the commitment papers. The judgment and sentence of the court in the original case had been affirmed by the court of appeals, and the cause remanded to the court of common pleas for execution, and a mandate therefor sent to that court. The trial court, however, instead of proceeding to carry out the mandate, as should have been done, granted the motion for new trial. By the provisions of Section 2899, General Code, the clerk of the court is under the direction of the court as to the perform *309 anee of his duties. We think he .was not called on to determine, at his peril, as to the validity of the order of the common pleas court in July, 1919, granting the motion for new trial.
The state would not be without remedy in such case, and that remedy is clearly indicated in Ex parte United States, Petitioner, 242 U. S., 27, where the supreme court of the United States held that mandamus issued by the superior court is a proper remedy for enforcing a criminal sentence where the district court which had passed it had defeated its execution by an ultra vires order of suspension. The court in that case further held that the proceedings should be directed to the district judge with a view to the annulment of the order of suspension, and not to the clerk with a view to the issuance of a commitment in spite of it. In the course of the opinion the supreme court of the United States cites numerous authorities sustaining the proposition thus announced, among which are the following, In re Winn, 213 U. S., 458; Ex parte Metropolitan Water Co., 220 U. S., 539, and In re Metropolitan Trust Co., 218 U. S., 312.
The supreme court of Ohio has indicated in various cases that the proper remedy under similar circumstances is against the trial judge. We call attention to Hollister and Smith v. Judges of District Court, 8 Ohio St., 202, and State, ex rel. Glass, v. Chapman, 67 Ohio St., 1. Of course it is fundamental that mandamus will not He to control the judicial discretion of a trial judge, nor will the writ supersede the ordinary proceeding by way of appeal or error, but in the case at bar we find that the trial court was without jurisdiction to grant the motion *310 for new trial filed at a term succeeding that in which the verdict was returned and the judgment rendered, which were assailed by the motion for new trial.
For the reasons given a writ of mandamus is refused and the petition dismissed.

Writ refused and petition dismissed,

Kinkade and Chittenden, JJ., concur.
Judges of the Sixth Appellate District, sitting in place of Judges Dunlap, Washburn and Vickery of the Eighth Appellate District.