PAUL MCCOY V. STATE OF NEBRASKA.

FILED MAY 15, 1923.   No. 22775.

Criminal Law:   MOTION FOR NEW TRIAL. The district court has no jurisdiction to permit an amendment to a motion for a new trial in a criminal case, when motion therefor is filed eight days after the expiration of the three-day period provided by statute and four days after the term at which the verdict was rendered.

ERROR to the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. _Affirmed._

_Frank C. Yates_ and _Hugh C. Wilson,_ for plaintiff in error.

_O. S. Spillman, Attorney General,_ and _George W. Ayres, contra._

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., BEGLEY, District Judge.

BEGLEY, District Judge.

The plaintiff in error was tried and convicted in the district court for Lancaster county, Nebraska, on January 17, 1922, of the crime of robbery. Two days after he was found guilty he filed in the district court a motion for a new trial; the same omitted grounds of newly discovered evidence, and made no mention of additional evidence obtained after the trial as grounds for a new trial. The term of court was adjourned on January 26, 1922, and on January 30, 1922, four days after the adjournment of the term, and while the original motion was pending, plaintiff in error filed a motion to supplement and amend the original motion by setting out the ground of newly discovered evidence material to his defense, which he could not with reasonable diligence have discovered and

produced at the trial. This motion was overruled on January 30, 1922, and at said time the court also overruled the motion for a new trial, and defendant was thereupon sentenced to imprisonment in the state reformatory for a period of not less than three years nor more than fifteen years at hard labor. The plaintiff in error has brought the case to this court for review.

The only claim of error made is that the court erred in refusing to permit him to amend the original motion for a new trial after the adjournment of the term and before the hearing on the original motion. The motion to amend the original motion was supported by an affidavit of the complaining witness, James Hand, who on the trial had positively identified the defendant as the man who committed the robbery upon him, who stated that since testifying, by reason of investigations and examinations personally made, he would, if called as a witness, qualify his testimony already given to this extent: "That the man who held him up on December 21, 1921, resembled Paul McCoy, but that affiant would testify, if called at this time, that Paul McCoy was not the man who held him up." The materiality and importance of this evidence cannot be denied. Hand was the only witness for the state and positively identified the defendant as the man who committed the robbery. The only question involved is as to the jurisdiction of the court to entertain such an amendment after the time for filing the motion for a new trial and after the term has adjourned.

Whatever may be the holding in other states, the law seems to be well settled in Nebraska that such a motion cannot be entertained. No such provision is found in the statute, section 10158, Comp. St. 1922. *Dodge v. People*, 4 Neb. 220.

"The authority of the district courts to grant new trials in criminal cases, and especially after the term at which a conviction is had, must, we think, if existent, be found in the statute, and, if not there, the remedy

shall· be an appeal to the executive, who is clothed with the· pardoning power." *Hubbard v. State,* 72 Neb. 62. The syllabus reads: "The district court possesses no inherent or common-law power to grant new trials in criminal cases, on the ground of newly discovered evidence, at the subsequent term to that at which a verdict was found."

In *Evers v. State,* 87 Neb. 721, we held: "The district court has no jurisdiction to grant a new trial, in a criminal case, upon application by petition signed after the term of the trial."

In *Fouse v. State,* 83 Neb. 258, it is held: "This court will not review an order made by a district court refusing a defendant permission to file an amendment to his motion for a new trial, where such application is made more than three days after the return of the verdict." .

In *Lillie v. State,* 83 Neb. 268, the defendant, more than three days after the return of the verdict, by leave of court, was permitted to file an amendment to his motion for a new trial. He did not claim that he was unavoidably ·prevented from including said assignment in his motion for a new trial, which was filed within time. It was held that the refusal of the court to grant a new trial for any reason set out in said amendment will not be reviewed in this court.

These cases seem conclusive of the point raised by appellant, and, no reason being advanced as to why the statutory ground of newly discovered evidence was not included in the assignment in his motion for a new trial, the court was right in overruling said motion.

. . The judgment of the court is, therefore,

AFFIRMED.