SABO *v.* THE STATE OF OHIO.

(Decided November 26, 1928.)

*Messrs. Rockwell & Grant* and *Messrs. Ormsby & Kennedy,* for plaintiff in error.

*Mr. O. A. Hunsicker,* prosecuting attorney, and *Mr. Lee J. Ferbstein,* for defendant in error.

PARDEE, J.   The plaintiff in error in this case was found guilty of murder in the first degree, without recommendation of mercy, at the January, 1927, term of the common pleas court of Summit county. During that term, and within three days after the verdict was rendered, he filed a motion for a new trial, one ground of which was newly discovered evidence, which motion was overruled on April 14, 1927, being a day in the succeeding term, and he was sentenced to be executed.   He thereafter, in due time, perfected error proceedings in this court, where the judgment was affirmed. *Sabo* v. *State,* 29

Ohio App., 200, 163 N. E., 496. He then prosecuted error in the Supreme Court, and the judgment was there affirmed. *Sabo* v. *State,* 119 Ohio St., 231, 163 N. E., 28.

On July 31, 1928, and long after the ending of the term of court in which he was convicted, he filed an application for a rehearing of the motion for a new trial theretofore filed by him in the common pleas court, and also a supplemental motion for a new trial on the ground of newly discovered evidence, supporting said motions by affidavits, and upon motion of the state the court struck said motions from the files, on the ground that the court did not have jurisdiction to entertain the same. This proceeding in error is prosecuted to reverse the ruling of the common pleas court on said motion.

The question for determination is: Did the common pleas court have jurisdiction to entertain said motions for a new trial, filed at a subsequent term; the grounds of the motions being newly discovered evidence?

Notwithstanding the fact that similar questions have been decided adversely to the claims of the plaintiff in error in the following cases, *Lisberger* v. *State,* 10 C. C. (N. S.), 66, 19 C. D., 394; *Evans* v. *State,* 3 C. C. (N. S.), 23, 13 C. D., 103; and *State, ex rel. Doerfler,* v. *Haserodt, Clerk,* 13 Ohio App., 305, we deemed it advisable to make an independent investigation of the important question presented, and this we have done.

The attorneys for the plaintiff in error contend: First, that a proper grammatical construction of present Section 13746, General Code, taken in connection with its original phraseology, does not re-

quire a motion for a new trial, upon the ground of newly discovered evidence, to be filed during the term in which the plaintiff in error was convicted, if the new evidence was not, and in the exercise of reasonable diligence could not have been, discovered during the term, but does permit it to be filed after the term; and, second, that if the plaintiff in error does not have that right under said section, then under Section 13763 of the General Code he does have a right to file such a motion at a subsequent term of court, if done before the sentence is executed, because at common law such a right existed and the trial court has the inherent power to entertain such a motion.

When the Criminal Code of Ohio was adopted in the year 1869 (66 Ohio Laws, 287), Section 192 thereof (Section 13745, General Code), set forth the grounds upon which a new trial could be granted, one of which grounds was "newly discovered evidence material for the defendant, which he could not, with reasonable diligence, have discovered and produced at the trial."

The next section (193) of the Criminal Code provided that: "The application for a new trial shall be by motion upon written grounds, filed at the term the verdict is rendered, and shall, except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, be within three days after the verdict was rendered, unless unavoidably prevented."

In the revision of the statutes made in the year 1880, Section 7351 thereof made a slight change in the phraseology of original Section 193. The new

section read as follows: "The application for a new trial shall be by motion, upon written grounds, which shall be filed at the term the verdict is rendered, and, except for the cause of newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, within three days after the verdict was rendered, unless unavoidably prevented."

When the Revised Statutes were recodified in 1910, that section became Section 13746, General Code, and was made to read as follows: "The application for a new trial shall be by motion, upon written grounds, filed at the term the verdict is rendered, and, except for the cause of newly discovered evidence material for the person applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be filed within three days after the verdict was rendered, unless unavoidably prevented."

When the Criminal Code was adopted in 1869, it contained a section (232) which read as follows: "If a case ever arise not provided for in this code, the practice heretofore in use may be adopted, so far as may be necessary to prevent a failure of justice."

The substance of this section is now part of Section 13763, General Code, which reads, in part, as follows: "If a case arise, not provided for herein, the practice heretofore observed may be followed, if necessary to prevent a failure of justice."

With the contention of the attorneys for the plaintiff in error as to the meaning of Section 13746 we disagree.

In the second line of this section as written in the

codification of 1910, the words "which shall be," which were inserted in the revision of this section in 1880, are omitted after the word "grounds," restoring the phraseology of this part of the section to the same language used in 1869. In the third line of the section as it appeared in the revision of 1880, and also in the codification of 1910, the word "shall," contained in the third line of the original section, is omitted. The word "be," in the next to the last line of the original section, was omitted from the next to the last line of the codification of 1880, and was used in the next to the last line of the codification of 1910, in the phrase "shall be filed."

In these sections, notwithstanding the transposition of the words hereinbefore referred to, we are of the opinion that the lawmaking body intended that the meaning of these sections should be the same. The meaning claimed by attorneys for the plaintiff in error would require the section to read as follows: "The application for a new trial shall be by motion, upon written grounds, filed at the term the verdict is rendered, * * * unless unavoidably prevented."

We think the phrase "unless unavoidably prevented," as used in these sections, modifies the clause "shall be filed within three days after the verdict is rendered," and refers to all of the grounds for a new trial given by law in a criminal case except the one relating to newly discovered evidence, which ground is qualified by the fact that defendant could not, with reasonable diligence, have discovered and produced the new evidence at the trial. Neither of these two qualifications, which are special ones and refer to their own subjects, relates to, qualifies,

or modifies the general limitation that all motions for a new trial, for any or all causes enumerated in the statute, must be filed at the term the verdict is rendered, whether or not the verdict is rendered more or less than three days before the close of the term.

We think this conclusion is fully sustained by the ordinary rules of grammatical construction, and gives to the phraseology used in said section the meaning which would be ordinarily understood.

Having reached this conclusion upon this phase of the case, the other question to be determined is: Did the plaintiff in error have a right to file a motion for a new trial under the practice in use before the adoption of the criminal code in the year 1869?

The plaintiff in error claims, notwithstanding the construction which we have placed upon Section 13746, General Code, that the trial court had the power, under the authority of Section 13763, *supra,* to consider these applications for a new trial, because at common law, trial courts, in accordance with their inherent power, entertained motions of this kind at any time before the execution of sentence.

In this state, courts of common pleas are creatures of the Constitution, but do not have any jurisdiction except that given to them by the lawmaking body of the state. *State* v. *Belenski,* 20 Ohio App., 141, 153 N. E., 160. This being so, the lawmaking body may give to or withhold from a defendant in a criminal case in that court the right to file a motion for a new trial, or attach conditions to the right if the privilege is given. *Luff* v. *State,* 117 Ohio St., 102, 157 N. E., 388.

But did trial courts in felony cases have the right, at common law, to entertain motions for new trials after term?

From our investigation of the books, we think they did not.

In the case of *United States* v. *Mayer*, 235 U. S., 55, 35 S. Ct., 16, 59 L. Ed., 129, the Supreme Court of the United States held in the third paragraph of the syllabus as reported in the Law Edition: "3. A Federal district court has no jurisdiction, after the term at which a judgment of conviction in a criminal case has been entered, to entertain a motion to set aside the judgment for misconduct of counsel, or bias of a juror, concealed on his *voir dire*, which were discovered after the expiration of said term, and did not appear in the record of the trial, even assuming that, in the case of errors in certain matters of fact, the district courts may exercise, in criminal cases, as an incident to their powers expressly granted, a correctional jurisdiction at subsequent terms analogous to that exercised at common law on writs of error *coram nobis*."

And Justice Hughes, in his opinion, on pages 67, 68, and 69 of 235 U. S., pages 19 and 20 of 35 S. Ct., and pages 135 and 136 of 59 L. Ed., said:

"1. In the absence of statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term. * * * There are certain exceptions. In the case of courts of common law—and we are not here concerned with the special grounds upon which courts of equity afford relief—the court at a sub-

sequent term has power to correct inaccuracies in mere matters of form, or clerical errors, and, in civil cases, to rectify such mistakes of fact as were reviewable on writs of error *coram nobis*, or *coram vobis*, for which the proceeding by motion is the modern substitute. \* \* \* In criminal cases, however, error would lie in the King's bench whether the error was in fact or law. \* \* \* The errors of law which were thus subject to examination were only those disclosed by the record, and as the record was so drawn up that it did not show errors in the reception or rejection of evidence, or misdirections by the judge, the remedy applied 'only to that very small number of legal questions' which concerned 'the regularity of the proceedings themselves.' \* \* \*

"In view of the statutory and limited jurisdiction of the Federal District Courts, and of the specific provisions for the review of their judgments on writ of error, there would appear to be no basis for the conclusion that, after the term, these courts in common-law actions, whether civil or criminal, can set aside or modify their final judgments for errors of law; and even if it be assumed that in the case of errors in certain matters of fact, the district courts may exercise in criminal cases—as an incident to their powers expressly granted—a correctional jurisdiction at subsequent terms analogous to that exercised at common law on writs of error *coram nobis* \* \* \* as to which we express no opinion, that authority would not reach the present case. This jurisdiction was of limited scope; the power of the court thus to vacate its judgments for errors of fact existed, as already stated, in those cases where the errors were of the most fundamental character, that is,

such as rendered the proceeding itself irregular and invalid. In cases of prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence, as well as where it is sought to have the court in which the case was tried reconsider its rulings, the remedy is by a motion for a new trial (Jud. Code, § 269 [Title 28, Section 391, U. S. Code])—an application which is addressed to the sound discretion of the trial court, and, in accordance with the established principles which have been repeatedly set forth in the decisions of this court above cited, cannot be entertained, in the absence of a different statutory rule, after the expiration of the term at which the judgment was entered.''

In Abbott's Trial Brief (3d Ed.), on pages 1084 and 1085, the learned author says:

''2. A court of general jurisdiction has inherent power, in the absence of statute, to grant a new trial on motion, in cases of misdemeanor, if satisfied that justice has not been done.

''The power of a court of inferior or limited jurisdiction, and of any court in case of felony, depends upon statute; and the granting or refusing of motion for new trial is in discretion of court.''

''4. In the absence of statute, a motion for new trial must be made before the expiration of the term at which the trial is had, and it is too late after judgment or after making motion in arrest of judgment.''

This rule seems to be almost universally followed.

In the case of *State* v. *Alphin,* 81 N. C., 566, the court in the syllabus said: ''A judge has no power to make an order in a criminal action after the expiration of the term.''

To the same effect is the holding in the case of *Evers* v. *State*, 87 Neb., 721, 127 N. W., 1066, where the court in the syllabus held: "The district court has no jurisdiction to grant a new trial, in a criminal case, upon application by petition filed after the term of the trial."

In the case of *Hubbard* v. *State*, 72 Neb., 62, 100 N. W., 153, 9 Ann. Cas., 1034, the court held:

"1. A court of equity will not interfere for the purpose of granting a new trial in a criminal case on the ground of newly discovered evidence.

"2. The district court possesses no inherent or common law power to grant new trials in criminal cases, on the ground of newly discovered evidence, at a subsequent term to that at which a verdict of guilty was found.

"3. The authority and jurisdiction of the district courts to grant new trials in criminal cases are derived from the statute, to which resort must be had in determining the extent of their powers regarding the subject.

"4. The provisions of Sections 490-492 of the criminal code, regarding the granting of new trials in criminal cases on the ground of newly discovered evidence, are the exclusive source of power of the district court to grant such new trials."

And on pages 66 and 67 of 72 Neb. (100 N. W., 154), the court in its opinion said:

"We find no authority for saying the district court possesses the inherent or common law power to grant a new trial in a criminal case outside of statutory authority as justice may demand. The authorities point rather to the contrary. In *Dodge* v. *People*, 4 Neb., 220, it is declared in the headnotes:

'At common law, courts had no power to grant new trials in cases of felony, and it was held that they had no power to revise or correct their judgments in such cases.'

"In the opinion it is said by Justice Maxwell:

" 'At common law, the finding of the jury of the guilt of the accused, was conclusive of that fact, and the court possessed no power to set the verdict aside and grant a new trial on the merits, on the motion of the accused, even where the verdict was clearly against the weight of the evidence.' Citing Hilliard, New Trials (2d Ed.), 114; *Queen* v. *Bertrand,* 1 L. R. 'P. C., 520; *King* v. *Fowler & Sexton,* 4 Barn. & Ald., (Eng.) 273. And continues the author: 'Therefore the utmost caution was required in capital trials, in favor of life, and if an irregularity materially affecting the trial occurred to the injury of the accused, the court usually represented such matter to the crown and a pardon was granted.' Citing *Commonwealth* v. *Green,* 17 Mass. 417 [515].

"The authority of the district courts to grant new trials in criminal cases, and especially after the term at which a conviction is had, must, we think, if existent, be found in the statute, and, if not there, the remedy is an appeal to the executive, who is clothed with the pardoning power. As a reason for differentiating regarding relief against judgments in civil and in criminal cases, it may be observed that the judgment in the civil case, when rendered, becomes fixed and a finality, except as the courts possess jurisdiction at law or in equity to grant relief against it in a proper case, while the judgment in a criminal case, in so far as its effectiveness is concerned, is always open to modification or annul-

ment by an appropriate appeal to the pardoning power, against the exercise of which time does not run."

In another case, *Bradshaw* v. *State*, 19 Neb., 644, 28 N. W., 323, the court held:

"1. The grounds upon which a new trial may be granted in a criminal case are prescribed by statute and the motion therefor must be filed at the term at which the verdict is rendered, and, except for newly discovered evidence, within three days after the verdict was rendered, unless unavoidably prevented.

"2. One B. was convicted of murder in the second degree and sentenced to imprisonment for life. More than two years after the judgment was rendered he filed a motion for a new trial in the district court where he was tried upon the ground of newly discovered evidence, and supported the motion by affidavits. The district court dismissed the proceedings. Held, Not erroneous."

But we are not without authority upon this question from our own Supreme Court. We think that the principle which should rule the instant case has been announced by the Supreme Court in the case of *Bates* v. *State*, 63 Ohio St., 11, 57 N. E., 957, the syllabus of which reads: "In a criminal case, where the defendant, convicted of a felony, has duly filed a motion in arrest of judgment, which the record shows was sustained by the court, it is not competent for the court, on motion of the state at the next term, to order the record of the previous term amended and made to show that the motion in arrest was not sustained, but was overruled by the court. And the making of such order is error."

And Spear, J., on pages 13 and 14 of the opinion (57 N. E., 957), said:

"The power of a court to correct or amend its record in matter of substance after term seems to rest entirely upon statute. It did not exist at the common law, nor is it a power inherent in the court, the general rule being, as quaintly stated by Lord Coke, that 'during the terme wherein any judicial act is done, the record remaineth in the brest of the judges of the court, and in their remembrance, and therefore the roll is alterable during that terme as the judges shall direct; but when the terme is past, then the record is in the roll, and admitteth no alteration, averment, or proofe to the contrarie.' * * *

"Criminal procedure in this state is regulated by Title 2, of the penal statutes, Sections 7106 to 7367, inclusive. They are codifications of parts of the criminal code adopted in 1866, by an act entitled 'An Act to establish a code of criminal procedure.' No power is given the court by any of these sections to correct its record after the term, and it would follow that, inasmuch as the power does not exist at common law, and is not a power inherent in the court, it does not exist at all in Ohio, at least as to substantial changes * * *."

In Freeman on Judgments (5th Ed.), vol. 1, Section 196, page 381, the learned author says:

"All judgments regularly entered must become final at the end of the term. After that time the courts which entered them have no power to set them aside, except such as may be given by statute, unless some proceeding for that object has been commenced within the term and has been continued for hearing, or otherwise remains undisposed of.

"The interests of society demand that there should be a termination to every controversy. Courts have

no power, after fully deliberating upon causes, and ascertaining and settling the rights of parties, to add clauses to their judgments authorizing the losing party to apply at a subsequent term to have the judgment against him set aside. If a vacillating, irresolute judge were allowed to thus keep causes ever within his power, to determine and redetermine them term after term, to bandy his judgments about from one party to the other, and to change his conclusions as freely and as capriciously as a chameleon may change its hues, then litigation might become more intolerable than the wrongs it is intended to redress."

It will thus be seen that, in the absence of a statute giving it jurisdiction to entertain motions filed at a term subsequent to the one in which the judgment is entered, the common pleas court does not have the power to correct its record in any matter of substance, or to give relief to a defendant for prejudicial misconduct of counsel, or misbehavior or partiality of jurors, or to grant a new trial on the ground of newly discovered evidence, or for causes of a similar character, which do not affect the validity of the proceeding itself.

We are therefore unanimously of the opinion that upon both reason and authority the common pleas court did not have jurisdiction to entertain the motions filed by the plaintiff in error at the time they were filed, and that it did not commit error when it struck them from the files.

The other questions—whether the common pleas court did not exhaust its jurisdiction when the first motion for a new trial was overruled, and whether, in the absence of statutory authority, a trial court

can entertain further proceedings in a cause after its judgment has been affirmed by a reviewing court —are not considered.

The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

WASHBURN, P. J., and FUNK, J., concur.