ROSCOE LINCOLN, APPELLANT, v. MAURICE SIGLER, APPELLEE.

160 N. W. 2d 87

Filed June 28, 1968. No. 36893.

Roscoe Lincoln, pro se.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Petitioner, who had gained a commutation of a consecutive term of imprisonment to a concurrent term, completed the requirements of the commutative order. On the ground that those facts discharged him from further liability under the first sentence, he petitioned for a writ of habeas corpus. The district court disallowed the writ without an adversary hearing, and petitioner has appealed.

Petitioner had received two sentences, a 15-year term imposed in 1951 and a consecutive term of 1 year imposed in 1960 for escape from custody. On March 13, 1963, the Board of Pardons ordered that the 1-year term run concurrently with the 15-year term. In October 1963, the board discharged petitioner from further liability under the second sentence, and it released him on parole from confinement under the first sentence. Petitioner was subsequently returned to custody.

Without considering possible alternative grounds, we put our decision on one ground. Petitioner asserts that the change from the consecutive to the concurrent term necessarily violated this statute: "The Board of Pardons shall in no case assume to act as a court of review to pass upon the correctness, regularity or legality of the proceedings of the trial court, but shall confine itself to a hearing and consideration of those matters only which properly bear on the propriety of extending executive clemency." § 29-2612, R. R. S. 1943. Prior to passage of the statute in 1921, judicial views on the sub-

ject were expressed in Hubbard v. State, 72 Neb. 62, 100 N. W. 153, and Evers v. State, 87 Neb. 721, 127 N. W. 1066.

Commutation of punishment is substitution of a milder punishment known to the law for the one inflicted by the court. See, Whittington v. Stevens, 221 Miss. 598, 73 So. 2d 137; Black's Law Dictionary (4th Ed.), "commutation," p. 351. By common understanding a change from a consecutive term to a concurrent term is a commutation. See, In re Hall, 34 Neb. 206, 51 N. W. 750; Duehay v. Thompson, 223 F. 305. The Board of Pardons possesses authority in extending clemency to grant a commutation of punishment for escape from custody. See, Art. IV, § 13, Constitution of Nebraska; §§ 29-2604, 29-2605, 29-2606 (1), 29-2612, and 29-2636, R. R. S. 1943. The board in this case acted well within its authority.

The judgment is affirmed.

AFFIRMED.