(23 Civ. Proc. R. 417.)

PEOPLE ex rel. BALDWIN et al. v. GOLDFOGLE, Justice, et al.

(Supreme Court, Special Term, New York County. April 19, 1894.)

SUMMARY PROCEEDINGS—DISCONTINUANCE—CLAIM OF TITLE TO LAND.
Code Civ. Proc. § 2951 et seq., which provide for the discontinuance of an "action" in a justice court when the answer sets up a claim of title to land, do not apply to summary proceedings.

Application by Baldwin and others for writ of prohibition to Henry M. Goldfogle, justice of the district court. Denied.

Isaac M. Miller, for relators.
George W. Stephens, for defendants.

O'BRIEN, J. The writ of prohibition is a state writ (Code Civ. Proc. § 1991), and, as stated in the note of the commissioner in Throop's Code:

"It issues only to courts and judicial officers, acts only upon legal proceedings pending before those tribunals, almost 'nvariably involves pure questions of law, and aims only to procure a stay of proceedings."

As said by the commissioner:

"It was thought that this writ had survived its practical utility, and that all the practical benefits of the writ might be obtained by means of an injunction. * * * The Laws of 1873 (chapter 70) provided for the extension of the power to issue the writ of prohibition as well as the writ of mandamus."

Although retained, therefore, the writ is confined in a narrow field of operation.

In speaking of this writ, McAdam on Landlord and Tenant (2d Ed. p. 205) says:

It "may be defined as an extraordinary judicial writ, issuing out of a court of superior jurisdiction, and directed to an inferior court, for the purpose of preventing the inferior tribunal from usurping a jurisdiction with which it is not legally vested. It is the remedy afforded by the common law against the encroachments of jurisdiction by inferior courts, and is used to keep such courts within the limits and bounds prescribed for them by law."

And on page 706 that author says:

"Where a petition in summary proceedings presents such a case as the officer can consider, a writ of prohibition will not lie. The remedy of the tenant is to appear before the officer, and either deny the facts set forth in the petition or move for its dismissal. People v. McAdam, 2 Civ. Proc. R. 52. While the writ of prohibition issues to restrain a judicial tribunal from exercising

jurisdiction in matters not within as well as those in excess of its cognizance, it has never intended that the writ should be used as a means of interfering with the orderly practice of the courts, or as a method of staying summary proceedings."

I do not understand that it is claimed that the justice did not have the right to entertain the proceeding, or did not obtain jurisdiction by the filing of a proper petition, the claim being that he lost jurisdiction by the filing of the answer, which set up a question of title, and by the furnishing of an undertaking, pursuant to sections 2951 and 2952 of the Code. By the express terms of those sections, they are confined to actions, and not to summary proceedings; and this has been directly held in Re White, 12 Abb. N. C. 348. Summary proceedings are not "actions," within the meaning of the Code; and this was held as long ago as the case of People v. Hamilton, 39 N. Y. 107,—a case arising prior to the present Code. In the present Code the sections applicable are classified under the head of "Certain Special Proceedings Instituted Without Writ." It is true that provision is made for the filing of an answer, by which, under the amendment of 1893 (chapter 705), the tenant or defendant is permitted to set up any legal or equitable defense, and for the trial of such issues by the judge, unless a jury trial is demanded. These state a practice with respect to summary proceedings entirely unlike that provided by other sections of the Code for actions in justices' courts.

The question in summary proceedings is whether the relation of landlord and tenant exists. The question of title cannot arise, the one presented being as to the right to possession, and the decision simply determines who is entitled to the possession, and cannot in any way affect title to land. I think, therefore, that the justice was correct in holding with the plaintiff that, by the filing of the answer and the tendering of a bond, he was not ousted of jurisdiction to try the summary proceedings, even though a tender of a plea of title to real estate was made. It is doubtful, however, in this case if, even under the answer, a plea of title was tendered; but, whether it was or not, I do not regard it as sufficient to prevent the justice from proceeding, he having jurisdiction to determine in such proceedings the question of possession. The justice has therefore a right to try the questions involved, which, however, does not prevent him, should he deem it proper in case a question of title appears upon the plaintiff's proof, from dismissing the proceedings. In other words, the writ of prohibition should not issue except in a case where the court has no jurisdiction, or is proceeding in excess of its jurisdiction; the remedy for any error in the proceeding itself or for any wrongful decision or ruling of the justice being by appeal. My conclusion, therefore, is that the motion for the writ should be denied, with costs.