## THE STATE OF OHIO *v*. BELENSKI.

*Common pleas court—Jurisdiction—Legislature empowered to impose conditions precedent to acquiring jurisdiction—Error proceedings—Thirty-day limitation for filing petition in error therein—Section 6212-20, General Code—Intoxicating liquors.*

1. The general assembly being vested with the power to fix and determine the jurisdiction of the courts of common pleas, has the right to attach to the acquiring of such jurisdiction such precedent conditions as it may see fit to impose.

2. The thirty-day period provided in Section 6212-20, General Code, is a limitation upon the jurisdiction of the court of common pleas to grant leave to file a petition in error, and leave granted later than thirty days after the date of the judgment about which complaint is made, is null and void.

(Decided February 2, 1926.)

ERROR: Court of Appeals for Summit county.

*Mr. H. M. Hagelbarger,* director of law; *Mr. C. T. Moore* and *Mr. W. A. Kelly,* for plaintiff in error.

*Messrs. Irvin & Laybourne,* for defendant in error.

PARDEE, P. J. On the 16th day of February, 1925, the defendant was arrested by the police officers of the city of Akron, and an affidavit was filed in the municipal court of that city charging him with the unlawful possession of intoxicating liquor in violation of Section 6212-15, General Code. On

[1] Appeal and Error, 3 C. J. §§ 3, 1033; [2] Id., § 1077.

the 27th day of February, 1925, trial was had, the defendant was found guilty, and on the same day a motion for a new trial was filed, which was overruled on the 2d of March, 1925, and the defendant sentenced. On the 16th day of March, 1925, a written motion asking for leave to file a petition in error was filed by him with the clerk of the court of common pleas of Summit county. This motion was not brought to the attention of any of the judges of that court until the 6th day of April, 1925, on which day leave was granted to file a petition in error, but the order was not placed upon the journal of the court until April 7. It is in the following words, to-wit:

"April 7, 1925. April Term. This day for good cause shown the court grants leave to the plaintiff in error, Mike Belenski, to file his petition in error within thirty (30) days from the 6th day of April, 1925."

On the 10th day of April, 1925, a petition in error was filed in the court of common pleas, and on the 7th day of January, 1926, the same came on to be heard by the court, whereupon the state, through its attorneys, made a motion to strike the petition in error and all the original papers from the files of the court, for the reason that the court did not have jurisdiction to make any orders in said cause, the petition in error not having been filed within thirty days after the rendition of the judgment complained of, which motion was overruled and exception taken.

Thereafter, upon consideration of the cause upon its merits, the court of common pleas found that the municipal court committed error in finding de-

fendant guilty, reversed the judgment and dis-
charged the defendant. The case is now here on
error to reverse that judgment.

It is a principle of law, well recognized in this
state, that the right to prosecute error to a judg-
ment is generally statutory, and, if the law-making
body does not give litigants such right, none ex-
ists. This principle, of course, is subject to the
exception that the people themselves, in the Con-
stitution, their fundamental law, may give this
right to litigants, which, if done, cannot be limited
or abridged by the law-making body. *Cincinnati
Polyclinic* v. *Balch,* 92 Ohio St., 415; *State, ex rel.
Medical Centre Co.,* v. *Wallace, Clerk,* 107 Ohio St.,
557.

The Constitution of this state has not fixed the
jurisdiction of courts of common pleas, but by Sec-
tion 4 of Article IV thereof, the "jurisdiction of
the courts of common pleas, and of the judges
thereof, shall be fixed by law."

The General Assembly being vested with the
power to fix and determine the jurisdiction of com-
mon pleas courts may therefore give to or with-
hold from litigants the right to have the decisions
of lower courts reviewed on error by the courts of
common pleas of this state. Since the lawmaking
body has the right to give or withhold this jurisdic-
tion, it also has the right to attach to the acquiring
of such jurisdiction such precedent conditions as
it may see fit to impose. *Village of Canfield* v.
*Brobst,* 71 Ohio St., 42; *Mitchell* v. *State,* 78 Ohio
St., 347; *Schario* v. *State,* 105 Ohio St., 535.

The Legislature, therefore, in the proper exer-
cise of its power, so far as the common pleas courts

are concerned, has provided by the enactment of Section 6212-20, General Code, that in cases growing out of a violation of Section 6212-15, General Code, ''A petition in error shall not be filed in any court to reverse a conviction for a violation of this act, or to reverse a judgment affirming such conviction, except after leave granted by the reviewing court.   *   *   *   Such petition in error must be filed within thirty days after the judgment complained of   *   *   *.''

The new question, then, presented for our consideration, is, Does this section require the common pleas courts, in this class of cases, to grant the leave to file the petition in error within thirty days after the date of the judgment complained of?

We think it does.   The petition in error must be filed by the convicted party within thirty days after the judgment complained of.   This, of course, cannot be done under that section unless the permission is given within that period of time, so if leave to file is granted after the expiration of such period the convicted party is disabled by above section from availing himself of the right granted him by the court, because of the impossibility of complying with the statutory requirement.

The supreme court of this state construed the constitutional amendment of 1912 as to its own jurisdiction in the case of *City of Akron* v. *Roth,* 88 Ohio St., 456.   Judge Shauck, who rendered the opinion of the court in that case, said at the bottom of page 462:

'' 'The supreme court may, within such limitation of time as may be prescribed by law, direct any court of appeals to certify its record to the

supreme court,' * * *. The limitation prescribed by the terms of the amendment seems to be upon the action of the court and not upon the party who invokes the action, and it is entirely silent as to the manner in which the exercise of the jurisdiction to review cases of the character contemplated shall be invoked.''

And on page 465, of the same opinion, the judge further said:

''The legislature is authorized to prescribe the limitation of time within which the order shall be made, which should be taken to mean the time within which it may be applied for.''

In other words, the order by the supreme court granting leave to file a petition in error in that court should be made within the time fixed for applying for said order, and when the application for such leave is made within the proper time, such leave cannot be granted after the expiration of said time. Of course, if one period is fixed for applying for leave and another period fixed for granting leave, these periods would control.

The Legislature, being the source of the jurisdiction conferred upon courts of common pleas of this state, has the same power to prescribe a limitation upon the time within which the action of these courts may be taken upon a given subject-matter as it has to impose a limitation upon the party who invokes the action. The Legislature having seen fit to prescribe the time within which the party who invokes the action shall file his petition in error, it must necessarily follow that the same limitation as to time (no other time being fixed) applies to the action of the court in granting him

leave to file his petition in error. This limitation as to the time within which leave to file a petition in error may be granted is therefore a limitation upon or qualification of the jurisdiction of the courts of common pleas to make the order, and unless such order is made within that time by said courts they have not jurisdiction to make them, and any orders so made are void.

In this case the motion asking for leave to file a petition in error was filed with the clerk of the common pleas court within the thirty-day period, but it was not brought to the attention of the court until after the expiration of that time. In this class of cases, the filing of such motion does not invoke the jurisdiction of the court, nor bring the matter to the attention of the court or any of its judges. It does not start an action or proceeding of any kind; it is a mere gesture—an attempt to bring to the attention of the court an application for leave to start a proceeding especially provided for by law, without actually doing so.

The filing of said motion with the clerk did not have any more force or effect than if it had been filed with a stranger who had no relation to or was not connected with the court. It was not entitled to a place upon the clerk's docket, or to a case number, and until leave was granted, and the petition in error filed, within the statutory time, there was no action or proceeding pending in that court and the jurisdiction of the court over the subject-matter of such intended action was not invoked. *Canfield* v. *Brobst,* 71 Ohio St., 45.

Until permission was granted to the convicted party to file his petition in error, the doors of the

common pleas court were not opened to him, and as he had not made an application to said court within the thirty days the court did not have the power to open the doors and permit him to enter. If it were possible for the court to make a lawful order as it attempted to do in the instant case, it would be amending by judicial decree the laws of this state and increasing the number of days in which a petition in error could be filed in this class of cases. This power is exclusively confined by the Constitution to the General Assembly.

For the reasons stated, the judgment of the common pleas court will have to be reversed for error in denying the state's motion to strike the petition in error and the other original papers from the files of that court, and this court making the order which should have been made by the common pleas court orders the petition in error filed in the common pleas court by Mike Belenski stricken from the files, and the judgment entered by the municipal court of the city of Akron carried into effect.

*Judgment accordingly.*

WASHBURN and FUNK, JJ., concur.