PARKISON *v.* VICTOR, JUDGE.

(No. 4744—Decided November 13, 1957.)

*Messrs. Amer, Cunningham & Schnur* and *Mr. Richard T. Cunningham,* for plaintiff.

*Mr. John M. Kelly,* director of law, and *Mr. Harry N. Van Berg,* for defendant.

STEVENS, J. This action in mandamus, filed originally in this court, seeks the issuance of a writ of mandamus against the defendant judge, requiring him to render a decision in the case of Mary E. Parkison against George Fike and Fidelity & Casualty Co. of New York, being case No. 311,080 in the Municipal Court of Akron.

The petition alleges that on March 29, 1955, Mary E. Parkison filed, in the Municipal Court of Akron, an action for money in the amount of $1,500 against George Fike, and Fidelity & Casualty Co. of New York, the surety on a real estate bond issued to George Fike in 1955.

Service was duly had upon both defendants.

After the rendition of a default judgment on May 20, 1955, and its vacation on June 9, 1955, with the consent of plaintiff, Fidelity & Casualty Co. filed its answer with attached interrogatories on June 9, 1955. On June 10, 1955, plaintiff filed her answer to the interrogatories.

On June 30, 1955, Fidelity & Casualty Co. filed an affidavit of interpleader with the Summit County Common Pleas Court, in the case of *Marrone* v. *Snyder and Fike,* No. 197,751, requesting that court to distribute the amount of its surety bond ($5,000) to the proper persons.

On January 9, 1956, on motion of Fidelity & Casualty Co., Mary E. Parkison was made a party defendant in said action.

On December 9, 1955, Fidelity & Casualty Co. filed an amended answer to Mary Parkison's petition in the Municipal Court case.

On April 10, 1957, Fidelity & Casualty Co. filed a supplemental answer to the Parkison petition in the Municipal Court action.

On April 17, 1957, a trial was held in the Municipal Court of Akron before William H. Victor, Judge, wherein evidence was introduced by both parties, and the case submitted to the court, which took it under advisement.

By stipulation, all of the foregoing is admitted, and it is further agreed that on July 1, 1957, William H. Victor, Judge of the Municipal Court of Akron, received a certified copy of an order made by the Court of Common Pleas of Summit County, as follows:

"State of Ohio,    In the Court of Common Pleas,
"Summit County, ss.   Case No. 197,751.

"John R. Marrone, )
"et al.,     )
   Plaintiffs)
"v.       )  Journal Entry.
"Amandus D. Snyder, )
"et al.,     )
   Defendants)

"It appearing to the court that in accordance with the order of interpleader, The Fidelity & Casualty Company has paid the sum of $5,000 into court, and it appearing further that the defendant, Mary E. Parkison, has been made a defendant in said interpleader action, and that service has been obtained upon her, and it appearing further that Mary E. Parkison commenced an action in the Municipal Court of Akron against the Fidelity & Casualty Company of New York seeking to recover upon the bond, being the same bond mentioned in the interpleader action, and that if said action were determined adversely to the Fidelity & Casualty Company of New York the said recovery would nullify the interpleader action, it is, therefore, on motion of the Fidelity & Casualty Company, the order of the court that an injunction be issued forthwith without notice and without bond to the Municipal Court of Akron to prohibit the said Municipal Court of Akron in making a determination of case number 311,080.

        "/s/ Frank H. Harvey, Judge.
"O.K., Carson, for Fidelity
"& Casualty Co. of New York."

The foregoing order was not made upon written request contained in a petition, written motion or written request, and the record does not disclose that notice of any kind was given to any person prior to the making of the order, nor was any hearing had thereon.

On July 3, 1957, Mary E. Parkison requested William H. Victor, Judge, to render a decision in case No. 311,080 in the Municipal Court of Akron, but said judge refused and still refuses to accede to said request.

It is further alleged in the petition filed in the instant mandamus action that the Municipal Court of Akron and the Court of Common Pleas of Summit County had concurrent jurisdiction to hear the case of *Parkison* v. *Fike and Fidelity & Casualty Co. of New York*, No. 311,080 in the Municipal Court of Akron; that the jurisdiction of the Municipal Court of Akron was first invoked by the filing of the petition therein, and the issuing and service of summons; that thereafter the Court of Common Pleas of Summit County had no authority to enjoin or prohibit said Municipal Court of Akron from rendering a decision in that case. It is accordingly the plaintiff's claim that a writ of mandamus should issue, to require the defendant judge to decide the Municipal Court case.

There are presented herein several important questions:

1. The action filed by Parkison in the Municipal Court of Akron having been regularly commenced by filing a petition for money only in the amount of $1,500, and procuring service upon the defendants, did the Municipal Court of Akron have jurisdiction of that action?

Section 1901.17, Revised Code, fixes the monetary jurisdiction of the Akron Municipal Court at $2,000.

Section 1901.18, Revised Code, states:

"Subject to Section 1901.17 of the Revised Code, a Municipal Court has original jurisdiction within its territory:

"* * *

"(F) In any action or proceeding in the nature of interpleader;

"* * * ,"

It is apparent that the action filed was within the jurisdiction of the Municipal Court of Akron.

The Court of Common Pleas of Summit County, being a court of general jurisdiction, likewise had concurrent and coextensive jurisdiction of the subject matter of the action

It is stated in 14 Ohio Jurisprudence (2d), Courts, Section 149: "It is a well-settled general rule that, as between courts having concurrent and coextensive jurisdiction, the court whose power is first invoked by the commencement of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue and settle the rights of the

parties to the exclusion of all other tribunals. This jurisdiction is retained until the court renders a final judgment in the case, unless the action is terminated by the parties. * * *''

Under the foregoing rule, the Municipal Court of Akron first acquired jurisdiction to adjudicate the action, and was entitled to retain that jurisdiction until it rendered a final judgment thereon.

From the stipulation filed herein, it appears that the intervention of the Court of Common Pleas, by way of injunction against the Municipal Court, was to enable it to make disposition of the $5,000 paid by the Fidelity & Casualty Co. into that court, under the interpleader action.

It will be observed that Section 1901.18 (F), Revised Code, vests the Municipal Court of Akron with jurisdiction ''In any action or proceeding in the nature of interpleader.''

Accordingly, the interpleader proceeding could and should have been filed in the Municipal Court of Akron, its jurisdiction having been first invoked, and the action therein commenced.

The journal entry in the case of *Marrone et al. v. Snyder et al.*, above set out in full, provides ''that an injunction be issued forthwith without notice and without bond to the Municipal Court of Akron to prohibit the said Municipal Court of Akron in making a determination of case number 311,080.''

It will be observed that, if the order made is considered to be an injunction, it is directed to ''the Municipal Court of Akron.''

In 21 Ohio Jurisprudence, Injunctions, Section 7, it is stated: ''The maxim, 'equity acts in personam,' finds general application in the law of injunctions. An action for an injunction is a proceeding in personam, and an injunction operates upon and is enforced against the person * * *.''

Again, at Section 141, it is said: ''It is a principle of general application that a court cannot enjoin the proceedings of another court of equal jurisdiction.''

As an order of injunction, the order of the Court of Common Pleas above set forth was void, because it attempted to restrain, by an order directed to the Municipal Court of Akron, the exercise of the already-attached jurisdiction of that court —a court which, as to the case involved, was a court of equal jurisdiction with the Court of Common Pleas.

If the order be considered as a writ of prohibition—assuming that the Court of Common Pleas had jurisdiction to issue a writ of prohibition, which we do not decide—it was void, because issued without notice.

32 Ohio Jurisprudence, Prohibition, Section 36, states: "Prohibition, like every other judicial proceeding, must be supported by some notice to the parties against whom it is prosecuted which will both warn of the proposed action against them and give an opportunity to show why it should not be taken."

We hold the order of the Court of Common Pleas prohibiting the Municipal Court of Akron from exercising its already-attached jurisdiction, in a matter where the Municipal Court of Akron had jurisdiction of the subject matter and of the parties, was void and of no effect.

A writ of mandamus, requiring the defendant Judge of the Municipal Court to adjudicate the issues presented by the case of *Parkison* v. *Fike et al.*, No. 311,080 on the docket of said Municipal Court of Akron, will be allowed.

*Writ allowed.*

Doyle, J., concurs.

Hunsicker, P. J., concurring. I concur in the conclusion reached by my associates; however, I construe the order of the Court of Common Pleas as an attempt to exercise jurisdiction in prohibition.

"4. The vital distinction between 'prohibition' and 'injunction' is that injunction operates only upon individuals when used to require a desistance from prosecuting a suit or proceeding, while prohibition runs against the court to require a cessation from the exercise of jurisdiction." *Ferguson* v. *Ferguson*, 98 S. W. (2d), 847.

See also: *People, ex rel. Baldwin*, v. *Goldfogle, Justice*, 30 N. Y. Supp., 296; *State, ex rel. Radcliff*, v. *City of Mobile*, 229 Ala., 93, 155 So., 872; Ferris, Extraordinary Legal Remedies, Section 310, at p. 419.

The order of the Court of Common Pleas was directed, not to the parties litigant in the Municipal Court case of *Mary Parkison* v. *George Fike and Fidelity & Casualty Company of*

*New York,* but to the court as a judicial tribunal. I must conclude, therefore, that the Court of Common Pleas in reality attempted to issue an order of prohibition.

High's Extraordinary Legal Remedies (Second Ed.), Part Second, at Section 763, says:

"Some points of similarity may be noticed between this extraordinary remedial process [prohibition] and the extraordinary remedy of courts of equity by injunction against proceedings at law. Both have one common object, the restraining of legal proceedings, and each is resorted to only when all other remedies for attaining the desired result are unavailing. This vital difference is, however, to be observed between them, that an injunction against proceedings at law is directed only to the parties litigant, without in any manner interfering with the court, while a prohibition is directed to the court itself, commanding it to cease from the exercise of a jurisdiction to which it has no legal claim. An injunction usually recognizes the jurisdiction of the court in which the proceedings are pending, and proceeds on the ground of equities affecting only the parties litigant, while a prohibition strikes at once at the very jurisdiction of the court. The former remedy affects only the parties, the latter is directed against the forum itself."

See also: *State, ex rel. The Firestone Tire & Rubber Co.,* v. *Duffy,* 114 Ohio St., 702, at p. 705, 152 N. E., 656.

The Constitution of Ohio, Article IV, Section 4, says:

"The jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law."

In the case of *Stevens* v. *State,* 3 Ohio St., 453, decided a few years after the adoption of the Constitution of 1851, the court said, at p. 455:

"The Constitution itself confers no jurisdiction whatever upon that court [Court of Common Pleas], either in civil or criminal cases. It is given a capacity to receive jurisdiction in all such cases, but it can exercise none, until 'fixed by law.' "

This position announced by the Supreme Court of Ohio has not been changed or modified.

In the case of *Mattone* v. *Argentina,* 123 Ohio St., 393, 175 N. E., 603, the court, in the syllabus, said:

"1. In this state, pursuant to constitutional provision, Ar-

ticle IV, Section 4, the jurisdiction of the Common Pleas Court is fixed by legislative enactment.''

See: *State* v. *Belenski* (Ninth Appellate District), 20 Ohio App., 141, at p. 143, 153 N. E., 160; *Long & Allstatter Co.* v. *Willis*, 52 Ohio App., 299, at p. 302, 3 N. E. (2d), 910; *Allen* v. *Smith*, 84 Ohio St., 283, 95 N. E., 829, Ann. Cas., 1912C, 611; *Edelstein, Admx.*, v. *Kidwell*, 139 Ohio St., 595, at p. 599, 41 N. E. (2d), 564.

The Supreme Court of Ohio has repeatedly held that the writ of prohibition first came into the jurisprudence of Ohio in 1912, when the Constitution of Ohio was amended.

Judge Wanamaker, speaking for the court, said, in *State, ex rel. Nolan*, v. *ClenDening*, 93 Ohio St., 264, at p. 269, 112 N. E., 1029:

''The writ of prohibition is a writ new to Ohio jurisprudence. It was adopted in 1912 as a part of the judicial article and is found in Section 2, Article IV of the Constitution * * *.''

See also: *Silliman* v. *Court of Common Pleas*, 126 Ohio St., 338, at p. 340, 185 N. E., 420.

Nowhere in the statute is authority granted to the Court of Common Pleas to issue a writ of prohibition.

This writ is a common law remedy, and, according to Ferris, Extraordinary Legal Remedies, Section 307, was never issued in the United States except by a court of common law jurisdiction.

The Ohio Constitution of 1802, Article III, Section 3, said that the Court of Common Pleas ''shall have common law and chancery jurisdiction in all such cases as shall be directed by law * * *.''

In the Constitution of 1851, Article IV, Section 4, the jurisdiction provision was changed to read as it is set out, *supra*. In the constitutional convention of 1912, where the Constitution of 1851 was amended, the jurisdiction provision of the Common Pleas Court was left as it was in the Constitution of 1851.

According to *State* v. *Hayslip*, 90 Ohio St., 199, 107 N. E., 335, we have no common law writs in Ohio. This pronouncement is in accord with the statement made in *Kerwhaker* v. *Cleveland, Columbus & Cincinnati Rd. Co.*, 3 Ohio St., 172, at p. 178, 62 Am. Dec., 246, wherein the court said:

''The common law, therefore, has no force in Ohio, except

so far as it derives authority from judicial recognition in the practice and course of adjudication in our courts * * *.''

See also: *McAllister* v. *The Schlemmer & Graber Co.*, 39 Ohio App., 434, 177 N. E., 841.

There is no judicial power without jurisdiction, and when a court assumes to act where it has no jurisdiction, its acts are void.

Courts of Common Pleas have been granted specific jurisdiction by Section 2305.01, Revised Code, ''in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace * * *.'' It is my view that the writ of prohibition, which is known as one of the high prerogative writs, is not a civil action within the meaning of such statute.

It is my conclusion that the Courts of Common Pleas do not have jurisdiction to issue a writ of prohibition.

The order served on the Municipal Court of Akron is a nullity, and the writ sought herein should issue.