**Ed KANIZER, II, et al., Appellants–Respondents,**

v.

**STATE of Indiana, on the Relation of Malcolm H. Aukerman, Appellee–Relator.**

No. 86A05–9201–CR–4.[1]

Court of Appeals of Indiana, First District.

Oct. 21, 1992.

---

**1.** This case was transferred to this office by order of the Chief Judge, on September 22, 1992.

Timothy J. Paris, Plews & Shadley, India-napolis, for appellants-respondents.

Max E. Goodwin, Mann, Chaney, John-son, Goodwin & Williams, Terre Haute, for appellee-relator.

## STATEMENT OF THE CASE

RATLIFF, Judge.

Ed Kanizer, II, et al. ("Kanizer") appeals the trial court's denial of his request for attorney's fees upon the vacation of the trial court's temporary writ of prohibition ("Writ") entered against the Vermillion County Board of Zoning Appeals ("BZA"). The Writ was initiated upon the application of the appellee, Malcolm H. Aukerman. We affirm.

## ISSUE [2]

We consolidate and restate the issues on appeal as follows:

Did the trial court correctly refuse to award Kanizer attorney's fees incurred in quashing the writ of prohibition?

## FACTS

The largely undisputed facts indicate that Aukerman owns approximately fifty (50) acres in rural Vermillion County upon which he resides. Aukerman's land, and the surrounding properties, are subject to special zoning restrictions: the area is designated as open-space, conservation proper-ty. Harold and Ruth Clark, Jr. ("Clarks") purchased real estate adjacent to Auker-man's property. During the 1970s, the Clarks petitioned the Vermillion County Area Plan Commission ("Plan Commis-sion") and the BZA for special exceptions from the ordinance in order to use the land as a public dump. All of the surrounding residents, including Aukerman, remonstrat-ed and presented evidence that a dump would have a negative effect upon sur-rounding home values and dangerously af-fect the general health, safety, and welfare of the community. The BZA unanimously denied the Clarks' petition.

In 1989, Kanizer, the owner and operator of several Vermillion county garbage dumps and the president of Vermillion Acres, Inc., filed zoning petitions with the Plan Commission and BZA seeking excep-tions from Vermillion County's zoning ordi-nance for the construction, installation, and operation of several public garbage dumps on the Clarks' land. Again, numerous area residents including Aukerman remonstrat-ed, objecting to the zoning petitions on various legal grounds. Kanizer substitut-ed his corporation, Vermillion Acres, Inc., as the petitioning party. The remon-strators filed a motion to dismiss the peti-tions asserting that the Plan Commission and BZA lacked jurisdiction to hear the petitions under principles of administrative *res judicata* based upon the denial of the

---

**2.** Because of the disposition of this issue, we need not address the other issues raised by the parties regarding attorney's fees.

earlier petition to use the Clarks' land as a dump.

After the remonstrators' motions to dismiss had been pending for approximately eight (8) months, the Plan Commission and BZA set the petitions in question for a full hearing. Aukerman inquired about the status of the pending motion to dismiss. The Plan Commission and BZA attorney explained to Aukerman that by scheduling the petitions for hearing, the motion to dismiss had been denied.

Therefore, on December 31, 1990, Aukerman brought the present Complaint for Declaratory Judgment and Petition for Alternative Writ of Prohibition against the Plan Commission and BZA in the trial court. Aukerman sought to have the trial court rule that the Plan Commission and BZA had no jurisdiction to hear the petitions in question under principles of administrative *res judicata* because Kanizer had not alleged a change in circumstances or conditions that induced the previous denials. The trial court granted *ex parte* relief on Aukerman's complaint, ordering the Plan Commission and BZA to cease from taking any further action on Kanizer's petitions. On July 16, 1991, the trial court vacated the Writ ruling that Aukerman had failed to exhaust his administrative remedies.

On September 17, 1991, Kanizer requested the trial court to award him the reasonable attorney's fees incurred in obtaining the vacation of the Writ, an amount he alleges exceeds $28,000.00. The trial court found that the Writ was an appropriate use of procedure under the circumstances and that attorney's fees were not recoverable. The denial of Kanizer's request for attorney's fees is the basis of this appeal.

On September 21, 1991, the Plan Commission and BZA held a full hearing on Kanizer's petitions. Immediately after the hearing, the Plan Commission and BZA denied the petitions on the grounds of administrative *res judicata*. Kanizer now appeals.

## DISCUSSION AND DECISION

Kanizer argues that a writ of prohibition is essentially identical in purpose and effect to an injunction. Therefore, he reasons, because one may obtain the attorney's fees he expended in obtaining the dissolution of a wrongful injunction, *see Place Pharmacy, Inc. v. Gardner & Guidone, Inc.* (1975), 164 Ind.App. 513, 514, 329 N.E.2d 642, 644, *trans. denied,* he should be awarded the attorney fees expended in obtaining the vacation of the Writ. Kanizer argues:

> "Regardless how the restraint was characterized, there can be no dispute that Kanizer was restrained from proceeding with his zoning petitions for more than seven months. He had to pay his attorneys more than $28,000 in fees to obtain the dissolution of that wrongful injunction. It would be manifestly unfair to require Kanizer to bear the burden of these fees simply because Aukerman chose to characterize his restraint as a writ of prohibition rather than an injunction."

Appellant's Brief at 14.

Trial courts have power to issue writs of prohibition and mandamus in appropriate cases, such as where constitutional due process rights are being denied. *State ex rel. Pickard v. Superior Court of Marion County* (1983), Ind., 447 N.E.2d 584, 586; Ind. Original Action Rule 1(D); IND.CODE § 34-1-58-1 *et seq.* A mandate action initiated under IND.CODE § 34-1-58-2 may be prosecuted against county officials. *Pike County v. State ex rel. Hardin* (1984), Ind.App., 469 N.E.2d 1188, 1192.

Kanizer's argument that a writ of prohibition and an injunction have similarities is well taken. As stated by Presiding Judge Hunsicker of the Ohio Court Appeals in his concurring opinion in *Parkison v. Victor* (1957), 105 Ohio App. 200, 206, 152 N.E.2d 275, 279:

> " 'Some points of similarity may be noticed between this extraordinary remedial process [prohibition] and the extraordinary remedy of courts of equity by injunction against proceedings at law. Both have one common object, the re-

straining of legal proceedings, and each is resorted to only when all other remedies for attaining the desired result are unavailing. This vital difference is, however, to be observed between them, that an injunction against proceedings at law is directed only to the parties litigant, without in any manner interfering with the court, while a prohibition is directed to the court itself, commanding it to cease from the exercise of a jurisdiction to which it has no legal claim. An injunction usually recognizes the jurisdiction of the court in which the proceedings are pending, and proceeds on the ground of equities affecting only the parties litigant, while a prohibition strikes at once at the very jurisdiction of the court. The former remedy affects only the parties, the latter is directed against the forum itself.'"

(quoting *High's Extraordinary Legal Remedies* (Second Ed.), Part Second, at Section 763 (1884)).

The general rule that in the absence of statute or contract providing therefor, attorneys' fees are neither allowable as costs nor recoverable as an item of damages, is applicable to prohibition proceedings. 63A Am.Jur.2d *Prohibition* § 90 (1984); Annotation, *Allowance of Attorney Fees as Costs or Damages in Prohibition Proceedings,* 64 A.L.R.2d 1329, 1329 (1959). Attorney's fees are not part of the damages or costs recoverable in mandate proceedings which are governed by the same statutory provisions as prohibition proceedings. *See* IND.CODE § 34–1–58–4; *Indiana Alcoholic Beverage Commission v. State* (1978), 269 Ind. 48, 54, 379 N.E.2d 140, 144; *see also Perry County Council v. State ex rel. Baertich* (1973), 157 Ind.App. 586, 590–91, 301 N.E.2d 219, 222, *trans. denied* (attorney's fees not recoverable in mandamus action, although if case had been in equity attorney's fees would have been proper).

In the present case, the Writ was directed to the BZA itself, attacking its ability to exercise jurisdiction over Kanizer's zoning petitions. Therefore, the proce-

dure used by Aukerman is appropriately characterized as a writ of prohibition and not an injunction. As such attorney fees are not appropriately recovered upon its vacation.

Affirmed.

SHARPNACK, C.J., and CONOVER, J., concur.